**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **EVELIO IMUL US,** § | |
| *Plaintiff* § | |
| § | |
| v. § | Case No. 1:22-CV-00961-RP |
| § | |
| **EDUARDO QUIROZ,** § | |
| *Defendant* § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:  THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Motion for Default Judgment filed on January 11, 2023, Dkt. 8. The District Court referred the above motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72 and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.  BACKGROUND

This is a Fair Labor Standards Act case, in which the Plaintiff, Evelio Imul Us, seeks unpaid overtime wages pursuant to 29 U.S.C. § 201, *et seq*. Defendant Eduardo Quiroz d/b/a DC Designs employed Plaintiff Us from February 2021 until November 10, 2021, as a landscaper. Us asserts he worked an average of 81 hours per week, his hourly salary was $11.11 per hour or $150.00 per day, and that he did not receive time-and-a-half for hours worked in excess of 40 in any work week. Us additionally

alleges he was not paid for 297 hours of other work. Us pleads that Quiroz had employees subject to the provisions of 29 U.S.C. § 206, that he employed two or more employees, and had an annual dollar volume of sales or business done of at least $500,000, making him subject to the FLSA. Dkt. 8, at 5-8.

Us requests a default judgment of $9,337.96 in overtime wages, $9,337.96 in liquidated damages, $3,300.00 in unpaid wages, $3,548.85 in attorneys' fees, and $514.00 in costs.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment—"a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A default occurs when a defendant fails to plead or otherwise respond to the complaint within the allotted time, thereby entitling the plaintiff to apply for judgment based on such default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). If a default occurs and the United States District Clerk enters default, the movant may "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A district court need not grant a default judgment; the rendering of a default judgment is discretionary. *Lewis*, 236 F.3d at 767.

### III. ANALYSIS

On September 22, 2023, Plaintiff Us filed Plaintiff's Original Complaint against Defendant Quiroz. Dkt. 3. Quiroz was served and the executed summons returned on October 22, 2022. Dkts. 4, 5. On December 20, 2022, Us filed his Motion for Entry of Default requesting the entry of default against Defendant Quiroz. Dkt. 6. On December 20, 2022, the Clerk of the Court entered a Clerk's Entry of Default against Quiroz. Dkt. 7. To date, Defendant Quiroz has failed to file an answer or any other responsive pleading with the Court, nor has Defendant Quiroz made an appearance in this case. *See United States v. McCoy*, 954 F.2d 1000, 1003 (5th Cir. 1992) ("We have not limited the concept of an 'appearance' to those instances in which the party has made a physical appearance in court or has filed a document in the record. Rather, we have required only that the party against whom the default judgment is sought indicate in some way an intent to pursue a defense."). Us now requests a final default judgment against Defendant Quiroz in this motion for final default judgment.

"There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). When considering whether such a basis is presented, a court accepts as true the complaint's well-pleaded factual allegations—except regarding damages—and must determine whether those pleaded facts state a claim upon which relief may be granted. *See id.*; *see also United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

### A. Entitlement to Default

The undersigned finds that Us is entitled to a default judgment because the facts alleged in the Complaint state a claim upon which relief may be granted. Us alleges the following: (1) he is a former employee of DC Designs; (2) DC Designs is an employer subject to the FLSA; (3) Quiroz is the sole proprietor/owner of DC Designs who was Us's boss, had the power to hire and fire employees, supervised and controlled work schedules and conditions of employment, determined the rate and method of payment for employees, and maintained employment records; and (3) Quiroz violated the FLSA by failing to compensate Us time-and-a-half for hours worked in excess of 40 hours and failing to pay him for an additional 297 hours of work. Accepting these allegations as true, Us has stated a prima facie case for unpaid overtime and unpaid wages under the FLSA, which Defendant has failed to rebut. *See Parrish v. Premier Directional Drilling, L.P.*, No. 17-51089, 2019 WL 973091, at *5 (5th Cir. Feb. 28, 2019) (discussing the elements a plaintiff must prove to recover overtime pay under the FLSA); *Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448, 453 (5th Cir. 2009) ("The FLSA generally requires employers to pay employees for all hours worked."). For these reasons, a default judgment is appropriate on Us's FLSA claim, and the only remaining issues relate to damages. *See Shipco*, 814 F.2d at 1014.

### B. No Hearing Is Needed on Damages

Damages ordinarily may not be awarded via default judgment "without a hearing or a demonstration by detailed affidavits establishing the necessary facts."

*United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). But if the amount of damages can be "determined with certainty by reference to the pleadings and supporting documents," and a hearing would reveal no pertinent information, "the court need not jump through the hoop of an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310-11 (5th Cir. 1993) (noting that a district court has "wide latitude" in deciding whether to require an evidentiary hearing when granting default judgment). Such is the case here where the pleadings and supporting documents provide sufficient information to ascertain damages.

### C. Actual Damages Award

Us attests that he worked for DC Designs from February 2021 to November 10, 2021, for a total of forty-one weeks. Dkt. 8, at 5-9. During this period, Us contends he worked in excess of 40 hours a week totally 81 hours a week. He further asserts he worked an additional 297 hours for which he was not paid. Dkt. 8, at 8.

Accounting for an alleged unpaid half-time rate of $11.11 for the 41 hours per week worked in excess of 40 each workweek for which he wasn't properly paid, Us attests he is owed $9,337.96 in overtime wages. Additionally, he attests he is owed $3,300.00 in unpaid wages at a rate of $11.11 per hour. Dkt. 8, at 8.

The undersigned finds that the record supports that Us is entitled to a damage award for unpaid wages in the amount of $12,637.63.

### D. Liquidated Damages

"An employer who violates the FLSA is liable for [an award of] liquidated damages equal to the unpaid overtime compensation unless, after concluding that the

employer acted in 'good faith' and had 'reasonable grounds' to believe that its actions complied with the FLSA, the district court declines to award liquidated damages (or reduces the amount)." *Stokes v. BWXT Pantex, L.L.C.*, 424 F. App'x 324, 326 (5th Cir. 2011) (citing 29 U.S.C. § 260); *see also* 29 U.S.C. § 216(b). Demonstrating "good faith" and "reasonable grounds," however, is a "substantial burden." *See Stokes*, 424 F. App'x at 32. In this case, Defendant has failed to meet that burden. Accordingly, an additional award of liquidated damages in the amount of $9,337.96 is appropriate in this case.

### E. Attorneys' Fees

"Under the FLSA, an employer who violates the statute is also required to pay attorney's fees." *Black v. SettlePou, P. C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing 29 U.S.C. 216(b)). The lodestar method applies to the attorney's fees calculation here. *See Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent by an appropriate hourly rate. *Id.* The resulting lodestar figure is presumptively reasonable and should only be modified in exceptional cases. *Id.*; *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *SettlePou, P.C.*, 732 F.3d at 502. After determining the initial lodestar figure, a court may then make upward or downward adjustments.

Such adjustments are based on "the relative weights" of 12 factors, known as the *Johnson* factors, provided that any such *Johnson* factor considered for an

adjustment isn't already included in the initial lodestar calculation. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *Watkins*, 7 F.3d at 457. The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to accepting the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *SettlePou, P.C.*, 732 F.3d at 502 n.7.

Us requests an award of $3,548.85 in attorneys' fees. According to the affidavit of Us's attorney James M. Dore and the time records attached thereto, Us's attorney expended a total of 8.85 hours of attorney time on this case. *See* Dkt. 19-5. Dore attests that his regular hourly rate is $400, and that this rate is fair and reasonable in light of the claim asserted here, his respective experience, and the fee customarily charged in the locality. *See id.* After due consideration, taking into account the nature of the case and its procedural history, the undersigned finds that the rate requested and the hours expended are reasonable. The lodestar here is therefore $3,540.00.[1] Us hasn't requested any adjustment of the lodestar; nor does the undersigned find that

---

[1] Counsel appears to have made a minor math error, which the undersigned has accounted for in the lodestar determination.

one is warranted. *See, e.g., Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam) ("[I]t is not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards."). Accordingly, the undersigned finds that Us is entitled to attorneys' fees in the amount of $3,540.00.

### F. Costs

Us also requests an award of $514.00 in costs. Us should be awarded costs provided he timely files a bill of costs using the form required by the Clerk of the Court and supported by appropriate documentation. *See* Local Rule CV-54.

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that default judgment in the amount of $9,337.96 in overtime wages, $9,337.96 in liquidated damages, $3,300.00 in unpaid wages, and $3,540.00 in attorneys' fees awarded to Plaintiff Us. **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket.

## V.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo

review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 22, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE